# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH L. YARBOROUGH, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-303-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Joseph L. Yarborough, TDCJ # 1320548, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On January 6, 2005, a jury found Yarborough guilty of aggravated assault with a deadly weapon in the 297th District Court of Tarrant County, Texas, Case No. 0915457A, and the trial court

assessed his punishment at sixty years' confinement. (State Habeas R. at 14.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on June 8, 2006. *Yarborough v. Texas*, No. 2-05-CR-289-CR, slip op. (Tex. App.–Fort Worth June 8, 2006) (not designated for publication). Yarborough did not file a petition for discretionary review. (Petition at 2.) On July 17, 2006, Yarborough filed a state application for writ of habeas corpus, which was dismissed by the Texas Court of Criminal Appeals on the basis that his direct appeal was still pending. *Ex parte Yarborough*, Application No. 65,338-01, at cover. Yarborough filed this federal petition for writ of habeas corpus on May 3, 2007.[1] Quarterman has filed a motion to dismiss the petition on exhaustion grounds.

## D. ISSUES

Yarborough raises four grounds for habeas relief, in which he claims the evidence is legally and factually in sufficient to support his conviction and he received ineffective assistance of trial and appellate counsel. (Petition at 3-4.)

## E. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*,

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[2] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

(continued...)

2

169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Quarterman asserts that the claims presented have not been properly exhausted in state court because the Texas Court of Criminal Appeals has not had the opportunity to rule on the merits of the claims. (Resp't Motion to Dismiss at 2-3.) Yarborough did not file a petition for discretionary review in the Texas Court of Criminal Appeals, and his state writ application was dismissed by that court on the basis that his direct appeal was still pending. Under these circumstances, the dismissal by the Texas Court of Criminal Appeals was procedural, as opposed to substantive, and signifies that the state court did not consider the merits of Yarborough's claims. *See Bledsue v. Johnson*, 188 F.3d 250, 257 (5th Cir. 2002).

With regard to Yarborough's sufficiency-of-the-evidence claims, he asserts that he did not file a petition for discretionary review in the Texas Court of Criminal Appeals because he is mentally challenged. (Pet'r Reply at 1-2.) He acknowledges that under Texas law he is now barred from raising his claims on state collateral review and any attempt to exhaust the claims at this

---

²(...continued)
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . .

        (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

juncture in state court would be futile. (*Id.* at 2.) Nevertheless, he urges that this court's failure to consider the claims would result in a complete miscarriage of justice in light of his actual innocence. (*Id.* at 1-2.) When it is obvious, as here, that an unexhausted claim would be procedurally barred in state court, the claim is procedurally barred from habeas review. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). A federal district court may, in the exercise of its discretion, raise a habeas petitioner's procedural default *sua sponte* and then apply that default as a bar to further litigation of the petitioner's claims. *See Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); *Johnson v. Cain*, 215 F.3d 489, 495 (5th Cir. 2000); *Fisher*, 169 F.3d at 301-02. Yarborough offers no evidence constituting sufficient cause for his failure to raise his claims in a petition for discretionary review, nor does he demonstrate actual prejudice as a result of the procedural default. He produces no evidence that this court's failure to consider his claims would result in a fundamental miscarriage of justice, as he makes no showing of actual innocence. A federal court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported by anything contained in the record, to be of probative value. *See Rose v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Accordingly, this court is precluded from considering Yarborough's challenge to the legal and factual sufficiency of the evidence due to a state procedural bar.

With regard to Yarborough's ineffective-assistance claims, he must first pursue the claims by way of state application for writ of habeas corpus in a procedurally proper manner. Only after his state remedies are concluded may he raise the claim in this court by way of a federal petition pursuant to 28 U.S.C. § 2254. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Yarborough, he cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. § 2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly,

4

dismissal of his ineffective-assistance claims for lack of exhaustion is warranted so that Yarborough can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

To the extent Yarborough claims the evidence was legally and factually insufficient to support his conviction (grounds one and two), the petition should be dismissed with prejudice. To the extent Yarborough claims he received ineffective assistance of counsel (grounds three and four), Quarterman's motion to dismiss should be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 14, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 14, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 24, 2007.

/s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE